JOSEPH W. REYNOLDS *vs.* ST. PAUL LOAN & TRUST COMPANY and others.

### April 8, 1891.

**Foreclosure—Agreement to Extend Time for Redemption.**—The testimony in this case, which was brought to compel the conveyance of real property by an administrator, examined, and *held* to have fully justified a finding that plaintiff had no cause of action.

Appeal by plaintiff from an order of the district court for Ramsey county, *Otis, J.*, presiding, refusing a new trial.

*W. H. Townsend*, for appellant.

*Chas. N. Bell* and *George E. Budd*, for respondents.

COLLINS, J.[1] On the 16th day of November, 1886, the late E. C. Palmer held a mortgage, executed by the plaintiff as owner in fee, upon the real property described in the complaint herein. A prior mortgage upon the same premises had that day been foreclosed by sale under a power, and the usual certificate of sale executed and delivered to the purchaser. On January 17th following, Judge Palmer duly procured an assignment of said certificate to himself, and held the same when the year of redemption expired,—November 17, 1887. He was then absent from the state on account of ill health, never returned, and died intestate in the state of Georgia, in March, 1888. On the 21st day of November, 1887,—a few days after the expiration of the period of redemption from the sale under the power,—the plaintiff paid over to one George a sum in

[1] Mitchell, J., being absent, took no part in this decision.

excess of the amount due upon the certificate of sale and upon the note secured by his own mortgage to Judge Palmer, and an amount which had been paid by the latter as taxes on the premises, which sum was deposited in bank to the credit of Judge Palmer, and a receipt given by George, of the nature hereinafter mentioned. This payment was made under a claim that George was the general agent and representative of Palmer, and that the latter had procured an assignment of the certificate by virtue of a verbal agreement between plaintiff and himself that he should obtain the same, and allow plaintiff to redeem after the expiration of the period of redemption, and at any time before the premises had been sold by Palmer. The object of this action, as indicated by the demand for relief found in the complaint, was to authorize and compel the administrator to convey the premises in question to the plaintiff, free and clear of all claims and incumbrances. Judgment was ordered for the defendants in the court below. The appeal is from an order refusing a new trial, the main assignment of error being that the court erred in its findings of fact.

The respondents raise several questions in respect to the relief demanded in the complaint and to the nature of the relief plaintiff might be entitled to if the allegations of his complaint had been established; also as to the sufficiency of appellant's assignments of error. But we do not care to spend any time in considering either of these points, for upon an examination of the testimony produced by plaintiff upon the trial it is obvious that he failed to make out a case entitling him to relief of any description. This may have been because his testimony in regard to the verbal agreement with Judge Palmer was inadmissible by reason of the statute, which prohibited him from stating the conversations between them. Whatever the cause for this failure of proof, the fact remains that there was no testimony which would have justified a finding that Palmer occupied towards plaintiff any other relation than that of a mortgagee, who had properly procured an assignment of a sheriff's certificate delivered to the purchaser upon the foreclosure of a prior mortgage by advertisement, or that any agreement in respect to obtaining the assignment, or as to a redemption from the sale, had ever been entered into by

the parties. The only testimony which in the slightest tended to establish appellant's contention was that of the witness George, who repeated certain statements made to him by Judge Palmer, about the time of the assignment. This testimony was altogether too scant and indefinite to be of value. At most the judge said to the witness in casual conversation that he had taken an assignment of the certificate to protect himself and appellant until the latter should pay his mortgage debt. In such statements there was nothing which would prove an agreement between Palmer and appellant of the nature claimed by the latter, and of course it was incumbent upon him to show the existence of the agreement by competent and convincing proof. The witness George did not pretend to have any knowledge of the affair except such as he had gathered from the references incidentally made thereto by Judge Palmer in his lifetime; and that these had no significance, and were of no consequence, is evidenced by the wording of the receipt given by the witness to appellant on the day the so-called redemption-money was paid over and deposited in the bank. This receipt expressly provided that the deposit in bank to Palmer's credit was at appellant's risk, and that, if the former did not accept the money, appellant should look to him, and not to the receiptor, for its return. The appellant argues at length that he is entitled to the relief demanded because the amount of money deposited—placed to Palmer's credit as before stated—has not been returned to him. It was appellant's deposit, in fact, made without Palmer's consent or knowledge. George had no authority to receive it for the purpose indicated, nor did he pretend to have. On the contrary, he disavowed having such authority in his receipt for the money. Immediately upon being notified of the transaction by Mr. George, Judge Palmer, then in Georgia, by a letter bearing date November 27, 1887, distinctly repudiated it, and advised George that he would not recognize the deposit. This letter was very soon afterwards shown the appellant, and he took a copy of it. The writer of it died within six months afterwards. The appellant, so far as is shown by the record in this case, has made no claim upon the decedent's estate for a return of the amount; and while it is true that the sum deposited has, with other moneys upon deposit at the same

bank to the credit of the deceased, been turned over to the adminis-
trator and treated as an asset of the estate, the responsibility for such
a state of affairs rests wholly and solely with the appellant. He cer-
tainly has had abundant opportunity to demand a return of the amount
and to recover the same, since informed that his right to redeem was
denied.

Order affirmed.

[1] Vanderburgh, J., did not sit. Mitchell, J., being absent, took no part in the de-
cision.